IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                             Case No. 1:24-cr-00371-MLG-1

RAYSHAWN BOYCE,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION TO DISMISS

A grand jury indicted Defendant Rayshawn Boyce on March 26, 2024, charging him with unlawful possession with intent to distribute fifty grams and more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii). Doc. 1. A superseding indictment was returned on May 29, 2024, adding co-defendant Gabriella Torres and a charge of conspiracy in violation of 21 U.S.C. § 846. Doc. 19. The superseding indictment alleges that between February 15, 2022, and May 17, 2022, Boyce and Torres conspired to distribute felony amounts of methamphetamine inside the Cibola County Correctional Center ("Cibola"). *Id*. at 1; Doc. 35 at 1. At the time of the alleged offense, Boyce was in custody and awaiting trial in *United States v. Boyce*, 1:22-cr-00361-MLG-1 (*Boyce I*).[1] Doc. 35 at 2. Torres worked as a Cibola corrections officer. *Id.* at 4.

To substantiate the charges against Boyce, the Government produced video footage from a thirty-hour period between May 16, 2022, and May 18, 2022. Doc. 50 at 2. The Government claims

---

[1] That case was tried to a jury in April 2024, and Boyce received a partial conviction for his role in the robbery of a United States Postal Service employee. *See* Verdict, *Boyce I*, 1:22-cr-00361-MLG (D.N.M. April 11, 2024), Doc. 193.

1

that footage taken on May 17, 2022, shows Boyce leaving his cell with a sack containing approximately one pound of methamphetamine. Doc 35 at 4. The Government further alleges that the video shows Boyce deposit the sack of drugs in the prison showers, where it was found the following day. *Id.*

On June 10, 2024, Boyce filed a Motion to Dismiss Based Upon Pre-Indictment Delay ("Motion"). *See generally id.* As grounds for his request, Boyce first claims that despite his requests for all relevant surveillance footage, the Government produced only that video supporting its case. *Id.* at 4. He further raises concerns that potentially exculpatory footage may have been destroyed in the two years that elapsed between the time of the alleged criminal activity and date of indictment due to Cibola's video retention policies. *Id.* at 4-5. Boyce contends that this missing evidence (assuming it exists) substantially prejudices his defense—particularly given that the Government will rely heavily on surveillance footage taken inside Cibola to prove its case. *Id.* at 2. Boyce further asserts that the delay in his indictment, and the corresponding potential for lost video evidence, was the result of the Government's effort to force him into a global plea encompassing all charges in both cases, *id.* at 1, and it "was only after that strongarm tactic failed that the government presented the instant matter to the grand jury." *Id*. Based on these claims, he seeks dismissal of the pending superseding indictment. *Id*.

## ANALYSIS

The government is prohibited from delaying criminal proceedings against a defendant "solely to gain tactical advantage over the accused." *United States v. Lovasco*, 431 U.S. 783, 795 (1977) (citation omitted). While statutes of limitations serve as the "primary guarantee[] against bringing overly stale criminal charges," *id.* at 789 (quoting *United States v. Marion*, 404 U.S. 307, 322 (1971)), the Fifth Amendment's Due Process Clause also plays a role in protecting against

oppressive delay. *Id.* at 795. It requires dismissal of the indictment if the defendant shows that pre-indictment delay "caused substantial prejudice to [the defendant's] rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused." *Marion*, 404 U.S. at 324. In the Tenth Circuit, these considerations are assessed by examining whether the defendant has shown actual prejudice, the length of the delay, and the reasons for that delay. *See United States v. Comosona*, 614 F.2d 695, 696 (10th Cir. 1980). The analysis incorporates a burden shifting framework:

> Upon a prima facie showing of fact by a defendant that the delay in charging him has actually prejudiced his ability to defend, and that this delay was intentionally or purposely designed and pursued by the Government to gain some tactical advantage over or to harass him, the burden of going forward with the evidence shifts to the Government. Once the Government presents evidence showing that the delay was not improperly motivated or unjustified, the defendant then bears the ultimate burden of establishing the Government's due process violation by a preponderance of evidence.

*United States v. Garcia*, 74 F.4th 1073, 1096-97 (10th Cir. 2023) (quoting *Comosona*, 614 F.2d at 696).

Applying this analysis to the instant facts, the Court first considers Boyce's assertion of prejudice. Doc. 35 at 4-5. According to Boyce, the purportedly missing footage may establish that Torres never entered Boyce's cell, calling into question how Boyce possessed the methamphetamine in the first place, *id.* at 5, and "would exculpate him with respect to the charges that he acted in concert with [] Torres." Doc. 50 at 2. He reasons that because Cibola only retains camera footage for a limited time,[2] the Government's failure to timely indict him and preserve video encompassing the full duration of the alleged conspiracy has prejudiced his defense. *Id.*

---

[2] Boyce has not provided any materials outlining Cibola's video retention policy. *See* Doc. 35 at 5 n.2 (stating that this assertion is based "[u]pon information and belief").

3

However, Boyce provides no reason to believe the video footage he seeks actually exists. Boyce asserts that Cibola has direct surveillance footage of the door to his cell but provides no facts to corroborate that claim. Doc. 35 at 4. For example, Boyce offers no current footage of the door or testimony that Cibola's cameras show the door itself. Further, the Government obtained and produced eleven surveillance video angles from Cibola, each running from a day prior to the discovery of the bag of methamphetamine to the time bag was found. Doc. 47 at 7. The Government also requested all footage of Boyce and Torres entering and exiting Boyce's pod from a day prior to May 17, 2022. *Id.* at 9. Despite some turbulence in the exchange process, the Government disclosed all this video evidence to Boyce and his counsel. *Id*. So to date, Boyce has received eleven surveillance videos spanning the thirty-hour period during which he is alleged to have placed a bag full of methamphetamine in a prison shower room. Doc. 50 at 2. Notably, by his own admission, two of those videos show Boyce leaving his cell with the alleged sack of drugs. *Id.* Boyce has no provided credible argument that relevant and unproduced video footage exists, nor has he adequately explained its exculpatory value.

Boyce further argues that the Government should have preserved and disclosed video evidence spanning the entire alleged three-month conspiracy between him and Torres. *Id.* at 3. He further reasons that if the Government had promptly indicated him on the current charges, he could have subpoenaed the footage to use in his own defense. *Id.*

This argument, however, contains the same deficiencies addressed above. Boyce presumes that the lost footage would exonerate him, but that is only supposition. He provides no cognizable explanation as to how video footage spanning the breadth of the alleged conspiracy—thousands of hours' worth—would exculpate him against the current charges. His arguments are purely speculative, and the Tenth Circuit has warned against the blind acceptance of a priori assertions of

prejudice. *See, e.g.*, *Garcia*, 74 F.4th at 1102 ("Vague and conclusory allegations of prejudice resulting from the passage of time…are insufficient to constitute a showing of actual prejudice." (quotation omitted)).

Similarly unavailing is Boyce's claim that the Government waited to bring the current charges for tactical reasons. Boyce asserts that the Government delayed indicting him in this case in order to extract guilty pleas as to all charges brought against him. Doc. 50 at 4. He further claims that it was only after he opted to exercise his right to a jury trial in *Boyce I* that the Government moved forward with prosecution of the pending drug and conspiracy charges. Doc. 35 at 5.

Boyce cites no authority establishing that delayed plea negotiations evidence strategic intent on the part of the Government. *See United States v. Engstrom*, 965 F.2d 836, 839 (10th Cir. 1992) (concluding that a five-year pre-indictment delay, including four years of plea negotiations, did not demonstrate actual prejudice). Moreover, the Government has provided credible grounds to justify the delay. It explains that Boyce was fully aware of the potential charges in this matter and attempted to negotiate in good faith for a pre-indictment plea. Doc. 47 at 2. Those negotiations were delayed and complicated by the fact that Boyce switched counsel multiple times during his criminal proceedings, during which time the Government held open various plea offers. *Id*. And the period between the alleged criminal conduct and the initiation of formal charges in this case is substantially shorter than time frames deemed acceptable in other cases. *See Engstrom*, 965 F.2d at 836; *see also United State v. Murphy*, 100 F.4th 1184, 1211 (10th Cir. 2024) (concluding that a twenty-year pre-indictment delay was not per se prejudicial); *Garcia*, 74 F.4th at 1103 (holding that a fifteen-year pre-indictment delay did not result in actual prejudice).

In sum, the record in this case does not indicate that the Government engaged in plea negotiations to gain a tactical advantage over Boyce. Boyce does not point to any other purported

tactical advantage the Government sought to gain by delaying indictment. Therefore, Boyce has not met his burden here.

## CONCLUSION

To obtain a dismissal under the Tenth Circuit's standards for evaluating pre-indictment delay, Boyce must establish a prima facie case that the delay prejudiced his case and was intentionally occasioned by the Government to obtain a tactical advantage. Boyce has shown neither. Accordingly, his Motion is denied, Doc. 35.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA