IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                                       Case No. 1:24-cr-00371-MLG

RAYSHAWN BOYCE,

    Defendant.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION
IN LIMINE TO ADMIT STATEMENTS OF A PARTY OPPONENT**

Defendant Rayshawn Boyce moves to admit several statements Department of Justice ("DOJ") officials made in the course of their duties. *See* Doc. 125. Boyce argues that DOJ attorneys are party opponents and their statements are therefore broadly admissible for their impeachment value. *See id.* at 1. The Court is unpersuaded and denies Boyce's motion.

**DISCUSSION[1]**

Boyce requests admission of three DOJ press releases that he believes are inconsistent with the Government's position in this case and its decision not to charge Gabriella Torres, his codefendant, with sexual abuse of a ward pursuant to 18 U.S.C. § 2243(b). *See* Doc. 125 at 2, 4-7. Two of the releases address the prosecution of prison guards and originate from the Eastern District of Michigan and the DOJ Office of Public Affairs. Docs. 125-3, 125-4. The remaining release is a statement by the U.S. Attorney's Office for the District of New Mexico addressing ongoing efforts to combat drug crime in Cibola County Detention Center ("Cibola"). Doc. 125-1.

Boyce contends that these documents are admissible under Federal Rule of Evidence

---

[1] The Court has extensively discussed the facts of this case in its prior orders. *See* Doc. 54; Doc. 117. Accordingly, the Court limits the current discussion to the relevant legal issues.

801(d)(2) as statements of a party opponent. Doc. 125 at 4-5. According to Boyce, the DOJ and its attorneys are party opponents, thereby rendering any DOJ statement admissible. *Id.* at 5. Boyce further argues that the press releases are relevant in impeaching the testimony and motivations of Torres as a government witness. *Id.* at 6-7.

Rule 801(d)(2) provides that an opposing party's statement offered against that party is not hearsay. The pertinent inquiry here is whether the subject press releases—as statements of DOJ attorneys—fall within the rule's definition.

The scope of Rule 801(d)(2)'s protection where the government is the party opponent is the source of some debate among federal courts. *See United States v. Bagcho*, 151 F. Supp. 3d 60, 68-69 (D.D.C. 2015) (collecting cases). While the Tenth Circuit has not addressed the issue, the First Circuit held that the DOJ is the defendant's party opponent in criminal cases for purposes of Rule 801(d)(2). *United States v. Kattar*, 840 F.2d 118, 130 (1st Cir. 1988). In that case, the court held that statements made by federal attorneys in actions against the Church of Scientology were admissible against the government in a criminal case where the defendant defrauded the Church. *See id.* at 130-32.

Courts that have adopted *Kattar*'s reasoning have done so narrowly. For instance, in *United States v. Mirabal*, the Ninth Circuit concluded that Rule 801(d)(2)'s applies in criminal cases to government attorneys' statements in plea agreements and sentencing memoranda.[2] 98 F.4th 981, 987 (9th Cir. 2024) (citing *Kattar*, 840 F.2d at 130). Pertinent here, the District Court for the District of Columbia has noted that "holding the government to the assertions of a public official

---

[2] Notably, the statements in *Mirabal* implicated the same factual bases: federal prosecutors made certain in-court assertions against one defendant at trial that were inconsistent with statements the prosecutors included in another defendant's plea agreement arising from the same criminal incident. *Mirabal*, 98 F.4th at 986.

who is unrelated to the prosecution is unfair, unless the government manifestly adopts the statement before the court." *Bagcho*, 151 F. Supp. 3d at 69. In line with this rationale, the Central District of California construed Rule 801(d)(2) to allow a defendant to offer statements made by prosecutors during his codefendant's trial against the government in his own trial. *See United States v. Bakshinian*, 65 F. Supp. 2d 1104, 1105-06 (C.D. Cal. 1999). And in this District, one court reasoned that a prosecutor's statements made during a defendant's mistrial were admissible under Rule 801(d)(2) in the subsequent retrial. *See United States v. Ganadonegro*, 854 F. Supp. 2d 1088, 1121 n.11 (D.N.M. 2012).

The common thread tying these cases together is that the statements at issue had some direct link to the defendant, either through a related third-party (*Kattar*, *Mirabal*, and *Bakshinian*) or through prior proceedings directly involving the defendant (*Ganadonegro*). So, to admit the DOJ press releases, Boyce must establish some connection between those releases and his current charges.

Two of the press releases lack the requisite nexus. One is a statement from the U.S. Attorney's Office for the Eastern District of Michigan and relates to the prosecution of a female prison guard for sexual abuse of a ward. *See* Doc. 125-3. In that release, U.S. Attorney Dawn Ison stated, in relevant part, "Sexual contact between inmates and Corrections Officers is never acceptable, nor is the smuggling of contraband into prison." *Id.* The other release was issued by the DOJ Office of Public Affairs and addresses the prosecution of a corrections officer in Kentucky who sexually abused three women in his custody. *See* Doc. 125-4. There, Deputy Attorney General Lisa Monaco stated, "The Justice Department's commitment to eradicating sexual abuse within the ranks of the Federal Bureau of Prisons continues through every case we prosecute." *Id.* at 1.

Boyce intends to use these statements to impeach the Government's position at trial and its

treatment of Torres, who was not charged with sexual abuse of a ward even though she engaged in a sexual relationship with Boyce. Doc. 125 at 5-7. Boyce does not, however, establish any link between his case and the unrelated prosecutions summarized in the releases. Those actions involved different defendants in distant locations without any connection to Boyce's case. Moreover, the prosecuting officials in those matters have no role here, and the Government has done nothing to "manifestly adopt[] the statement[s] before the court." *See Bagcho*, 151 F. Supp. 3d at 69. Accordingly, Boyce has not shown that either press release falls under Rule 801(d)(2). The Court will not admit the statement of federal prosecutors in districts with no connection to this case as statements of a party opponent.

The remaining press release by the U.S. Attorney's Office for the District of New Mexico fares differently in analysis, if not outcome. The release is a statement detailing office's efforts to dismantle a drug trafficking network linked to Cibola. *See* Doc. 125-1. It showcases the operation that led to several arrests and includes statements by (former) U.S. Attorney Alexander Uballez endorsing the DOJ's responsibility to combat "the exploitation of addiction for profit in our correctional facilities." *Id.* at 2. Given this background, the release is sufficiently linked to this case. It was issued by the same office directly responsible for prosecuting Boyce. Moreover, the release's content bears some relation to Boyce's circumstances, in that he is charged with smuggling methamphetamine into Cibola to distribute to other inmates. *See* Doc. 75 at 1-2. While Boyce is not implicated in the operation discussed in the press release, similar conduct is clearly a major concern in New Mexico, and the U.S. Attorney's office is engaged in concerted efforts to combat the presence of drugs in Cibola. Given the links from federal prosecutors in this district to Boyce's case and other enforcement efforts, the Court finds that the release is a statement of Boyce's party opponent under Rule 801(d)(2).

The inquiry, however, does not end there. The Court must still determine whether the press release survives scrutiny under Federal Rule of Evidence 401, which requires evidence to be relevant to the case at hand. Boyce argues that the release satisfies Rule 401 because it directly contradicts the Government's position in this case. Doc. 125 at 5. But the claimed inconsistency is not evident. The release details efforts to dismantle an unrelated drug smuggling ring that implicated neither Boyce nor Torres; it does not undermine the Government's aims in this prosecution. *See generally* Doc. 125-1 (making no mention of Boyce or his codefendants).

Boyce also contends that U.S. Attorney Uballez's statement acknowledging the Government's responsibility to disrupt the flow of drugs into Cibola is admissible because the Government cannot simultaneously assume that responsibility "but then enter a courtroom and tell a jury it should hold Mr. Boyce responsible." Doc. 125 at 5. The Court disagrees. The Government's efforts to hold alleged drug smugglers accountable in a separate prosecution do not absolve Boyce for his alleged role in conspiring to bring methamphetamine into Cibola.[3]

Alternatively, Boyce argues that the press release is relevant to impeach Torres because the Government ostensibly declined to charge her with sexual abuse of a ward in exchange for favorable testimony. *Id.* at 6-7. Even assuming, arguendo, that this bargain has been struck, the import of the press release remains unclear. It does not mention sexual abuse of a ward; instead, the press release describes a separate smuggling investigation. *See* Doc. 125-1. And Boyce's motion does not elucidate how the press release, or its subject matter, provides a proper basis for impeachment.

---

[3] The Court also cannot discern the supposed inconsistency or impeachment value: assuming responsibility for disrupting drug smuggling operations in federal correctional facilities would, seemingly, result in investigations and prosecutions of those allegedly doing the smuggling, as is the case here.

In sum, the Eastern District of Michigan and the DOJ Office of Public Affairs press releases, Docs. 125-3 and 125-4, are not statements of a party opponent under Rule 801(d)(2). While U.S. Attorney Uballez's press release, Doc. 123-1, is a statement of Boyce's party opponent, it is not relevant to any of the issues in this case. The Government's efforts in a separate, unrelated prosecution are not probative of any current material fact. Accordingly, none of the press releases are admissible at trial.

## CONCLUSION

For the reasons stated above, Boyce's Opposed Motion in Limine to Admit Statements of a Party Opponent Pursuant to Fed. R. Evid. 801(d)(2), Doc. 125, is denied.

_____
MATTHEW L. GARCIA
UNITED STATES DISTRICT JUDGE